By the Court, Robertson, Ch. J.
It fully appears from the facts found by the decision of the court at special term in this case, that nothing remained to be done to separate and determine the subject of the agreement to sell, or fix its price, as well as. that no act of acceptance or dominion by the vendees, such as marking or the like, had been performed. There *51 is also no question made of their solvency, so as to justify a stoppage in transitu; so that neither the delivery of such goods, nor the right of the plaintiffs to claim them, can be governed by any of such considerations. And the only questions left are whether the delivery by the plaintiffs to a carrier different from the one selected by the buyers was a delivery to them, and whether the right of the latter to elect to accept such goods as delivered to them was transferred to the sheriff by the judgment and execution against them and levy by him.
The principle on which the delivery of goods by a vendor1 to a carrier to be transported to a distance and delivered to a vendee is considered as made to him, if it be so, can only rest on the presumption that the contract in such cases is something more than the mere sale and delivery of the goods; that it involves an agreement by the vendor to forward them and to select the agent by whom they are to be carried, who thus becomes the agent of the vendee to receive them. Where no restrictions are laid upon the vendor, he would in such case have a right to forward in the ordinary mode and select the usual common carriers engaged in transporting on the usual route for reaching their destination. There can be no delivery except in the mode fixed by the buyer or to his agent, or by his acceptance of the goods delivered. (Hague v. Porter, 3 Hill; 14Í.) Mere words are not sufficient, without some act either enabling the vendee to get possession of the goods or amounting to a transfer either of possession or evidences of title and its acceptance. (Shindler v. Houston, 1 N. Y. Pep. 261.) The mere setting apart goods in the vendor’s possession is not sufficient, (Id.;) and any decisions apparently to the contrary, (Brewer v. Salisbury, 9 Barb. 511, Dows v. Morewood, 10 id. 183,) must be considered as overruled. Even delivery to a carrier selected by the vendee has been held in England not to be sufficient to constitute a delivery to him, (Meredith v. Meigh, 2 EL & Bl. 364; Holmes v. Hoslcins, 9 Exch. 753 ;) or- even a delivery at a particular place selected by the vendee, where a previous *52 separation of the articles was necessary. (Hunt v. Hecht, 8 Exch. 814.)
The delivery by the plaintiffs to the Hudson River Railroad Company was no more than the deposit of the goods with any other person, to be delivered to the purchasers, would have been. Such company was the plaintiffs’ agent, and could not refuse to redeliver such goods to them on demand at any time before they reached the purchasers’ possession. The selection of the People’s Line of steamboats as the carrier, by the purchasers, necessarily destroyed any right on the part of the plaintiffs to select any other. It is even more than doubtful whether the vendees could have recovered for any loss of the goods by such carriers, although théy might have accepted and ratified such delivery. (Coombs v. Bristol R. R. Co., 3 Hurl. & Norm. 510. Coats v. Chaplin, 3 Adol. & El. (N. S.) 483. Angell on Carriers, §§ 496, 498.) In order to change the title to chattels, the delivery of them to the vendee or his agent duly authorized by him to receive them, whether actual or symbolical, must be final and irrevocable, saving the right of stoppage in transitu, and the acceptance must be complete and unconditional. (Jordan v. Norton, 4 Mees. & W. 153. Bell v. Bament, 9 id. 36. Parker v. Wallis, 5 Ell. & Bl. 21. Kent v. Huskinson, 3 Bos. Pul. 233. Dole v. Stimpson, 21 Pick. 384.) I am not aware of any principle which could convert a carrier, not only not selected by a vendee, but entirely different from the one selected by him, into an agent for him, to accept the delivery of goods.
Nor do" I see how either the plaintiff in the judgment against the vendees, or the sheriff (the defendant) can be converted into their .agent to accept a delivery of the goods at the Hudson river railroad depot instead of on board one of the line of . steamboats. Until the acceptance of the goods by the buyers the bargain was not complete, and they could at any time have rejected the goods. None of their creditors could complete for them a mere inchoate purchase. The mere right of accepting or rejecting undelivered merchandise, and thus completing or repudiating a contract of purchase, was not a subject of levy *53 or sale. The seizure by the defendant could not give the plaintiffs a right of action against the vendees for goods sold and delivered ; in a case where such goods were delivered not to any agent of theirs, constituted such expressly' or by implication of law, but in opposition to their express instructions.
The seizure by the defendant cannot be justified, therefore, ■by any supposed actual delivery of the goods to any agent of the vendees, or inchoate delivery to them, or'any parting with the possession by the plaintiffs with intent to transfer the title and an acceptance thereof by the defendant as the agent of such vendees. But in fact the delivery of the goods to the railroad company was by mistake and contrary to the instructions of the plaintiffs to their cartman who carried them there. They were, as ■ regarded the plaintiffs, unlawfully in the possession of the company when seized, and the plaintiffs had a right to reclaim them in order to forward them by the proper means of transmission, which could alone bind the vendees. The defendant had no more right to take them in the depot, because it was that of a common carrier, than in any store • in the city, in which such cartman might have thought proper to deposit them.
The question may still remain, however, how far the cart-man who received the goods to take to the steamboat, may be considered the agent of the vendee, or the common agent of buyer and seller, in transporting the goods to such steamboat. The plaintiffs seem to have treated him as an agent .of the vendees, by charging the expense of cartage to them in the bill- inclosed with the merchandise. Transportation either to a railway or a steamboat necessarily involved the employment of a cartman. The one employed, wilfully or accidentally took the goods to the wrong carriers ; the direction to him remains unrevoked, and they may be considered in law as still on their way to the right destination. Some custom may govern the cartman’s relation to the parties., But as the case stands, it must go back for a new trial. Judgment must be given accordingly.